## MAY F. CAREY *vs.* HENRY C. CAREY.

DIVORCE—GROUNDS—JURISDICTION.

Under 24 *Del. Laws, c.* 221, § 11, providing that, when defendant cannot be served personally within the state, and when at the commencement of the action for divorce plaintiff was a *bona fide* resident, jurisdiction may be acquired by publication when at the time the cause of action arose plaintiff was a *bona fide* resident and continued so to be to the beginning of the action, except that no action shall be commenced for any cause other than adultery or bigamy, unless plaintiff has been for the two years next preceding the action a *bona fide* resident, the court has no jurisdiction of a suit for divorce

on the ground of adultery, where defendant cannot be served personally, and where plaintiff was not a resident at the time of the commission of the adultery, unless defendant was served by publication, and unless plaintiff was a *bona fide* resident for at least two years preceding the commencement of the action.

(*October* 20, 1913.)

PENNEWILL, C. J., and CONRAD, J., sitting.

*Richard R. Kenney* for plaintiff.

The defendant was unrepresented by counsel.

Superior Court, Kent County, October Term, 1913.

ACTION FOR DIVORCE (No. 40, October Term, 1913) on the ground of adultery by May F. Carey against Henry C. Carey.

Service by publication. The plaintiff was not a resident of the state at the time the adultery was alleged in the petition, nor had she resided in the state for two years thereafter and up to the commencement of the action. Jurisdiction not being shown the petition was dismissed. See *post, Bethard v. Bethard.*

The following testimony was given by the plaintiff, viz.:

"Q. Where did you live after you married Mr. Carey? A. In Philadelphia and Camden. Q. Where do you live now? A. I live near Cheswold (Kent County, Del.), and have for a year. I have lived in Kent County for more than two years. Kent County is my home."

CONRAD, J.:—When did she come to Delaware?

*Mr. Kenney:*—She came to Delaware on the eleventh day of July, 1911. She had not actually lived here two years prior to the bringing of this action, but it is not necessary in this action. She is the daughter of Mrs. Frazier, who has always lived here. The defendant ran away with her when she was a child, fourteen years old.

In the plaintiff's petition, which is sworn to, it is averred that she finally left her husband and came to Delaware to remain, on the eleventh day of July, 1911. In respect to the jurisdiction of the court in divorce cases where the service cannot be personal, the statute, *Chapter* 221, *Volume* 24, *Delaware Laws, Section* 11, provides as follows:

"When the defendant cannot be served personally within this state, and when at the time of the commencement of the action the plaintiff is a *bona fide* resident of this state, jurisdiction for the purpose of divorce, whether absolute or from bed and board, may be acquired by publication as hereinbefore provided, to be followed where practicable by service upon or notice to the defendant without this state, under the following conditions:

"(a) When, at the time the cause of action arose, the plaintiff was a *bona fide* resident of this state, and has continued so to be down to the time of the commencement of the action; except that no action for absolute divorce shall be commenced for any cause other than adultery or bigamy, unless the plaintiff has been for the two years next preceding the commencement of the action a *bona fide* resident of this state.

"(b) When, since the cause of action arose, the plaintiff has become, and for at least two years next preceding the commencement of the action has continued to be, a *bona fide* resident of this state: Provided, the cause of action alleged was recognized in the jurisdiction in which the plaintiff resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state."

PENNEWILL, C. J.:—It clearly appears from the petition, as well as from the testimony and admission of counsel, that the plaintiff was not a resident of this state at the time the adultery is alleged to have been committed, and also that she had not resided in this state for two years thereafter, and up to the commencement of this action. The court is, therefore, without jurisdiction of the cause. The divorce must be refused and the petition dismissed.

In an action for divorce, where the ground relied upon is adultery or bigamy, and the defendant cannot be served personally, in order that the court may have jurisdiction, there must have been publication as provided by the act, and the plaintiff must either have been a *bona fide* resident of the state at the time the cause of action arose, and continued so to be down to the time of the commencement of the action, or must, since the cause

Opinion.

of action arose, have become, and for at least two years next preceding the commencement of the action continued to be, a *bona fide* resident of the state.

The petition is dismissed.