CHARLES R. BETHARD *vs.* LINNIE B. BETHARD.

DIVORCE—GROUNDS—JURISDICTION.

Under 24 *Del. Laws*, c. 221, §§ 8, 9, providing that, in divorce, jurisdiction may be acquired by personal service on defendant within the state, when at the time the cause of action arose either party was a *bona fide* resident and continued so to be to the commencement of the action, but that no action for divorce shall be commenced for any cause other than adultery or bigamy unless one of the parties has been for two years next preceding the action a *bona fide* resident, the court acquires jurisdiction of a suit for divorce for adultery committed within the state, where defendant is personally served, and where either of the parties was a *bona fide* resident at the time of the offense, and continued to reside in the state to the time of the bringing of the action, but such residence need not continue for two years.

(*January* 5, 1914.)

Judges CONRAD and WOOLLEY sitting.
*Armon D. Chaytor, Jr.*, for plaintiff.
The defendant was without counsel.
Superior Court, New Castle County, January Term, 1914.

ACTION FOR DIVORCE (No. 52, January Term, 1914) on the ground of adultery by Charles R. Bethard against Linnie B. Bethard.

Personal service. Question of jurisdiction. Decree *nisi*.
The case is stated in the opinion.

WOOLLEY, J., delivering the opinion of the court:

It appears from the testimony that the parties to this action were married in the State of Maryland, where they resided until the month of March, 1913, when they moved to and acquired a *bona fide* residence in the State of Delaware; that on the twenty-second day of November, 1913, the defendant committed adul-

tery in this state, and on the thirteenth day of December following the plaintiff instituted this action for divorce. It is thus shown that residence was acquired, the ground for divorce committed, and the action for divorce instituted in this state within the period of one year. Service upon the defendant was personal.

In the case of *Carey v. Carey, ante,* 90 *Atl.* 405, where service of the process was made by publication under the provision of the divorce act (*Sections* 10, 11, *c.* 221, *Vol.* 24, *Laws of Delaware*) conferring jurisdiction upon this court in cases of divorce where service is *not* personal, this court held that "in an action for divorce, where the ground relied upon is adultery or bigamy, * * * in order that the court may have jurisdiction, * * * the plaintiff must either have been a *bona fide* resident of the state at the time the cause of action arose, and continued so to be down to the time of the commencement of the action, or must, since the cause of action arose, have become, *and for at least two years* next preceding the commencement of the action, continued to be a *bona fide* resident of the state." The ruling in the case cited has raised the inquiry in the case under consideration, whether, under the provisions of the same act (*sections* 8, 9) conferring jurisdiction upon the court in cases of divorce where service of the process upon the defendant is personal, the court would have jurisdiction of this or of any case in which it appears that the period of a party's residence before the commencement of the action was less than two years.

The act provides that:

"For purposes of divorce, * * * jurisdiction may be acquired by personal service upon the defendant within the state, under the following conditions:

"(a) When, at the time the cause of action arose, either party was a *bona fide* resident of this state, and has continued so to be down to the time of the commencement of the action, except that no action for absolute divorce shall be commenced for any cause other than adultery or bigamy, unless one of the parties. has been for the two years next preceding the commencement of the action a *bona fide* resident of the state." *Section* 9a, *Chapter* 221, *Volume* 24, *Laws of Delaware.*

This provision of the statute is similar in its main features to those of the provision under which the decision in the case of *Carey v. Carey, ante,* was rendered (*section* 11*a*), and means that in order for the Superior Court to acquire jurisdiction of a divorce case in which the process is served personally, for any cause *other than* adultery or bigamy (excepting under circumstances contemplated in subdivision b of *section* 9, which section is not under consideration), either one or the other of the parties to the action must have been a *bona fide* resident of this state at the time the cause of action arose, and must have continued so to be down to the time of the commencement of the action, and that such *bona fide* and continuous residence must have existed and endured for at least the two years next preceding the commencement of the action; and in order for the court to acquire jurisdiction of a divorce case, in which the process is served personally, and in which the cause of action is adultery or bigamy, either one or the other of the parties to the action must have the same requirements of a *bona fide* residence and the continuance thereof from the time the cause of action arose down to the time the action for divorce thereon is commenced, as in actions for any other cause, without the requirement, however, that such resi- dence shall have continued for the period of two years next pre- ceding the commencement of the action. In other words, the exception as to the qualification of parties in the excepted cases wherein the cause of action is either adultery or bigamy, extends only to the requirement of residence for the two year period.

Jurisdiction in divorce in a case where a party has acquired in the state a *bona fide* residence after the cause of action has arisen elsewhere, is conferred by a subsequent provision of the statute (*section* 9*b*), a like provision having in part been consid- ered by the court in *Carey v. Carey, supra.*

Decree *nisi.*