NORRIS N. DOSWELL *vs.* ALICE LEE DOSWELL.

DIVORCE—JURISDICTION.

Under *Rev. Code* 1915, § 3014, stating the conditions under which jurisdiction in divorce may be obtained on publication of process, the court obtains no jurisdiction on such service, in the absence of showing, either that when the cause of action arose the plaintiff was a *bona fide* resident of this state, and has continued so to be down to the time of the commencement of the action, or that since the cause of action arose the plaintiff has become, and for at least two years next preceding the commencement of the action has continued to be, a *bona fide* resident of this state.

(*March* 8, 1918.)

Judges BOYCE and CONRAD sitting.

*J. Frank Ball* for plaintiff.

Superior Court, New Castle County, March Term, 1918.

ALIAS DIVORCE No. 27, March Term, 1918.

Action by Norris N. Doswell against Alice Lee Doswell for divorce; cause adultery. On hearing, the petition was dismissed for want of jurisdiction.

The petition was filed January 5, 1918, and it was alleged therein that the defendant committed adultery with John Cousins in the town of Coatesville, Pennsylvania, during each and every of the first eleven months of the year 1917. The service of process upon the defendant was by publication. The plaintiff testified that he and his wife were married July 13, 1907, and that they were living together in Virginia when his wife left him in October, 1917, that he came to Wilmington to live about the middle of October, 1917, where he has since resided; and that in the latter part of November, 1917, he found his wife in Coatesville

Pennsylvania, living with John Cousins as husband and wife. L. testified that Cousins and plaintiff's wife came to live in his home in Coatesville, Pennsylvania, March 21, 1917, and that they occupied the same room, living together as husband and wife.

BOYCE, J., delivering the opinion of the court:

In this case service of process upon the defendant was by publication. It does not appear from the testimony that either, when the cause of action arose, the plaintiff was a *bona fide* resident of this state and has continued so to be down to the time of the commencement of the action, or that since the cause of action arose the plaintiff has become, and for at least two years next preceding the commencement of the action has continued to be, a *bona fide* resident of this state. The court has not therefore acquired jurisdiction, and the petition must be dismissed. *Rev. Code* 1915, §3014 (*Section* 11 [a] and [b]); *Carey v. Carey*, 5 *Boyce*, 53, 90 *Atl.* 405, recognized in *Bethard v. Bethard*, 5 *Boyce*, 56, 90 *Atl.* 406.

In the latter case, the service of process upon the defendant was personal. And, it being shown that at the time the cause of action arose, the parties were *bona fide* residents of this state, and had continued so to be down to the time of the commencement of the action, less, however, than for a period of two years, the inquiry was whether, under *Rev. Code* 1915, §3012 (*Section* 9 [a]), the court had jurisdiction. Under the facts of the case, the court found it had jurisdiction, and granted a decree *nisi*. The facts of this case distinguish it from that case.

The petition is dismissed.